Wendnagel v. Houston, 186 Ill. App. 39.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 88*—*when landlord may treat tenant holding over as tenant for another year.* A tenant holding over under a lease which expired gives the landlord the right to treat such holding over as a tenancy for another year under the terms of the original lease.

2. LANDLORD AND TENANT, § 310*—*when defense of breach of agreement in action for rent not available.* In an action to recover rent from a tenant holding over under an expired lease, where a defense was made that the landlord failed to put iron bars on windows in accordance with a written agreement signed by the landlord's son at the time the tenant signed the lease, *held* that the evidence was insufficient to show that the landlord's son had authority to sign the agreement and *held* that even though it was executed with authority, the payment of the rent continuously for twenty months, with knowledge of the absence of the bars on the windows, waived the performance of the agreement.

3. LANDLORD AND TENANT, § 264*—*when breach of agreement by landlord does not constitute eviction.* Breach of landlord's agreement to put up iron bars on rear windows does not, in law, constitute an eviction, either actual or constructive, where the tenant remains in full and complete possession of the premises and holds over after the expiration of the lease.

4. LANDLORD AND TENANT, § 325a*—*when refusal of requested instructions error.* In an action for rent, where the defense was that the landlord did not put up iron bars on windows in accordance with a written agreement signed by the landlord's son at the time the tenant signed the lease, certain instructions requested by plaintiff relating to authority of agent to bind his principal *held* improperly refused.

---

## William Wendnagel et al., copartners as Wendnagel & Company, Appellees, v. George T. Houston et al., copartners as George T. Houston & Company, Appellants.

### Gen. No. 19,382.  (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed April 21, 1914.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Action by William Wendnagel and Eugene Wendnagel, copartners trading as Wendnagel & Company, against George T. Houston and Frank B. Houston, copartners trading as George T. Houston & Company, to recover damages for breach of contract in failing to deliver certain lumber which the defendant sold and agreed to deliver to plaintiffs. From a judgment in favor of plaintiffs for nine hundred dollars, defendants appeal.

JESSE HOLDOM and FREDERICK H. WICKETT, for appellants; JESSE HOLDOM, of counsel.

ADAMS, CREWS, BOBB & WESTCOTT, for appellees.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

## Abstract of the Decision.

1. SALES, § 373*—*when judgment for price sustained by the evidence.* In an action for breach of a contract to deliver lumber sold by defendant to plaintiff, a judgment in favor of plaintiff *held* sustained by the evidence.

2. APPEAL AND ERROR, § 1514*—*when remarks of counsel not prejudicial error.* In an action for damages resulting from failure of defendant to deliver lumber under a contract, where the non-delivery of the lumber was conceded, remarks of counsel for the plaintiff in his closing argument to the jury as to the question why the lumber was not delivered, *held* not prejudicial error where objection to the remarks was sustained and the remarks were stricken out.

3. APPEAL AND ERROR, § 1514*—*when statement by counsel as to what he proposed to show by witness not prejudicial.* In an action for damages for breach of a contract to deliver lumber sold to plaintiff, a statement by counsel for the plaintiff on asking a question of a witness that he proposed to show by the witness that a certain person connected with the defendants admitted the value of the lumber was more than the contract price, *held* not prejudicial error where objections were sustained to the questions and offer.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.